IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MILCAREK, SR.; | ) | |
| CATHERINE MILCAREK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1625 |
| | ) | United States Magistrate Judge |
| DAVID SISAK; UNKNOWN | ) | Cynthia Reed Eddy |
| OFFICERS | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Before the Court is Defendant Sisak's Motion to Dismiss Plaintiffs' Complaint for failure

to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure

12(b)(6). (ECF No. 4). For the following reasons, said motion will be denied.

### Facts

Plaintiffs Joseph Milcarek, Sr. and Mary Catherine Milcarek reside at 2105 Sur Way,

Pittsburgh, PA 15210. Complaint (ECF No. 1-2), at ¶¶ 1-2. On February 4, 2012, their son,

Joseph Micarek, Jr. ("Milcarek Jr."), was driving a vehicle and was stopped by Defendant David

Sisak, a Pittsburgh Police Officer, "because the license plate on the car was allegedly

suspended." *Id.* at ¶ 8. Defendant Sisak "reportedly discovered that [Micarek Jr]. was the

defendant in an active Protection from Abuse ("PFA") proceeding in which plaintiff was Kim

Bobnes." *Id.* at ¶ 9. Kim Bobnes was a passenger in the vehicle at the time of the stop and

identified herself to Defendant Sisak. *Id.* at ¶ 10. Defendant Sisak arrested Milcarek Jr. for "violating the PFA by having contact with Kim Bobnes."[1] *Id.* at ¶ 11.

Defendant Sisak also "allegedly observed a shotgun round on the driver's seat of the vehicle where [Milcarek Jr.] had been sitting." *Id.* at ¶ 12. Defendant Sisak applied for a search warrant of Plaintiffs' residence based on Defendant Sisak's "alleged observation of a shotgun round and his presumption that [their son, Milcarek Jr.]. was in possession of that round." *Id.* at ¶ 13. In the Affidavit of Probable Cause in Support of the search warrant ("Affidavit"), Defendant Sisak alleged that Milcarek Jr.'s possession of the shotgun round was a "direct violation of the PFA." *Id.* at ¶ 14. Plaintiffs contend that this was "a materially false statement, as there was no prohibition in the PFA against Joseph Milcarek, Jr. possessing a firearm or ammunition." *Id.* at ¶ 15.

Plaintiffs claim that "according to the Affidavit, [Defendant Sisak] based his conclusion that [Milcarek Jr.] was in violation of the PFA for possession of the shotgun round on the boilerplate notice in the PFA that any PFA defendant may be charged with a federal offense under 18 U.S.C. § 922(g)(8) for possessing a firearm or ammunition while the PFA is in effect." *Id.* at ¶ 16. Plaintiffs assert that Defendant Sisak's conclusion that Milcarek Jr. was "directly violating the PFA because he 'may be charged with a federal offense' under 18 U.S.C. § 922(g)(8) is intentionally misleading because no violation of the PFA occurred under federal law, and even if it had it would not be a violation of the PFA but would be a separate offense to be charged by the federal government and not by the Pittsburgh Police." *Id.* at ¶ 17.

---

[1] The Court notes that the PFA, which was attached by Defendant Sisak, states that "non-violent in-person contact which does not include alcohol which is agreed to by the parties shall not be a violation of this order." (ECF No. 5-1, at 3).

Plaintiffs further claim that "according to the Affidavit, [Defendant Sisak] arrested [Milcarek Jr.] for possessing the shotgun round in addition to the initial offense of violating the PFA for being in contact with the PFA Plaintiff, Kim Bobnes." *Id.* at ¶ 18. Defendant Sisak also stated in the Affidavit that he "believed that [Milcarek Jr.] possessed additional ammunition and firearms at his residence," which Defendant Sisak asserted was a violation of 18 Pa.C.S. § 6105. *Id.* at ¶¶ 19, 20. Plaintiffs claim that this statement was materially false "because even if firearms or ammunition had been found at [Milcarek Jr.'s] residence, there would have been no violation of 18 Pa.C.S. § 6105. Furthermore, [Milcarek Jr.'s] alleged possession of the shotgun round could not have provided justification for his arrest, as stated by [Defendant Sisak] in the Affidavit, either as a direct violation of the PFA or as violation of § 6105." *Id.* at ¶ 21. The Affidavit states that Milcarek Jr.'s address was 2105 Sur Way, which is the same residence owned by his parents, the Plaintiffs. *Id.* at ¶¶ 22. However, Plaintiffs aver that "the officers serving the search warrant at 2105 Sur Way were told by neighbors that [Milcarek Jr.] did not reside at that address." *Id.* at ¶ 23.

Milcarek Jr. was in jail at the time the search warrant was executed and the officers allegedly knew that Plaintiffs were not home either. *Id.* at ¶¶ 24, 25. The officers serving the search warrant at Plaintiffs' address allegedly "gained entry to the home by breaking down the door, completely removing it from the hinges," and "unnecessarily damaged a number of items in the home." *Id.* at ¶¶ 26, 27. After the officers were finished with the search, they "left the home unsecured," allegedly "leaving the broken door leaning against the frame." *Id.* at ¶ 28.

Plaintiffs initiated this action in the Court of Common Pleas of Allegheny County, Pennsylvania. Plaintiffs claim that they "suffered psychological trauma as a result of the unexpected and unlawful intrusion into their home." *Id.* at ¶ 29. Additionally, Milcarek Sr., who

allegedly suffers from a number of medical conditions, claims to have suffered physical harm and a loss of income as a result thereof. *Id.* at ¶¶ 30, 31. Plaintiffs contend that Defendant Sisak and the other unknown officers' conduct amounted to a violation of their Fourth Amendment rights and an invasion of privacy. *Id.* at ¶¶ 32-44.

On November 13, 2013, Defendant filed a Notice of Removal with this Court pursuant to 28 U.S.C. § 1443, asserting that this matter is a Federal Question because Plaintiffs seek relief pursuant to 42 U.S.C. § 1983 for violation of their Fourth Amendment rights. Notice of Removal (ECF No. 1). Plaintiffs did not contest removal to this Court. On December 17, 2013, Defendant filed a timely Motion to Dismiss in connection with Rule 12(b)(6) and a Brief in Support thereof. (ECF Nos. 4, 5). On January 21, 2014, Plaintiffs filed a Response Brief. (ECF No. 9). The matter has been fully briefed.

**Standard of Review**

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint may be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Co. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly*, and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Iqbal*, 566 U.S. at 678. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). In order to satisfy the requirement of Fed.R.Civ.P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Id*.

As the Court of Appeals for the Third Circuit explained in *Fowler*, 578 F.3d at 210–11:

> . . . The Supreme Court's opinion in *Iqbal* extends the reach of *Twombly*, instructing that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.

> Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id*. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id*. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, ... [the] "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

*See also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679); *Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 221 (3d Cir. 2011), *cert.*

*denied*, —— U.S., —— 132 S.Ct. 1861 (2012); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). This standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while raising a "reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, 2008 WL 2942139, *3 (W.D.Pa. 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

### Discussion

Defendant Sisak argues that Plaintiffs' Complaint should be dismissed for failure to state a claim because probable cause for the search warrant was established in the PFA by the prohibition from possessing weapons provision together with the presence of a shotgun shell in the vehicle, which effectively "bars Plaintiffs' Fourth Amendment and Invasion of Privacy

claims." Motion to Dismiss (ECF No. 4), at ¶¶ 7, 8. Alternatively, Defendant contends that even if probable cause did not exist, Defendant Sisak acted reasonably and is entitled to qualified immunity. *Id.* at ¶ 9. Plaintiffs counter that they "have alleged in their Complaint that Defendant Sisak made false statements in his application for a warrant to search the Plaintiffs' home, and they have also alleged that the false statements were material to the finding of probable cause," and therefore, "the Plaintiffs have sufficiently pleaded a violation of the Fourth Amendment rights actionable under 42 U.S.C. § 1983." Plaintiff's Response Brief (ECF No. 9), at ¶ 15. The Court agrees with Plaintiffs.

"Title 42 U.S.C. § 1983 is not a source of substantive rights but a vehicle for vindicating rights conferred by the U.S. Constitution or by federal statute." *Dibella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979)). To prevail in a Section 1983 action challenging the validity of a search warrant on the basis of a false statement, a plaintiff must "prove by a preponderance of the evidence that the agent knowingly and deliberately, or with reckless disregard for the truth, made false statements in applying for a warrant, and that the statements were material or necessary to the probable cause finding." *Woodham v. Dubas*, 256 F. App'x. 571, 576 (3d Cir. 2007) (citing *Franks v. Del.*, 438 U.S. 154, 155-156 (1978); *Sherwood v. Mulvihill,* 113 F.3d 396, 399 (3d Cir. 1997)). *See also Kitko v. Young,* 2013 WL 5308016, *8 (W.D. Pa. 2013) ("An officer who applies for a warrant, when it is clear that no probable cause for a search warrant exists, may be liable for damages under § 1983").

Defendant Sisak argues that "probable cause for the search warrant was established when a shotgun shell was found in the driver's vehicle" because it was a violation of the PFA against Milcarek Jr. Defendant's Brief in Support (ECF No. 5), at 5. Defendant Sisak claims that the

provision of the PFA prohibiting the possession of firearms was "in tact" despite other portions of the PFA being "crossed out." *Id.* at 1. However, Plaintiffs assert that Defendant Sisak attempts to mischaracterize the contents of the PFA, arguing that it contained no provision that precluded Milcarek Jr. from possessing a firearm. Plaintiff's Response Brief (ECF No. 9), at ¶¶ 5-9.

Whether the weapons provision was crossed out of the PFA is a question of fact. Plaintiffs assert in their complaint that the weapons prohibition of the PFA was not in effect. Defendant Sisak attached a copy of the PFA to his Brief in Support of his Motion to Dismiss, and at least two words of the weapons prohibition are crossed out with a hand-made line. Defendant's Brief in Support (ECF No. 5-1), at 4. Given that the Court must construe all facts alleged by the Plaintiffs as true and in the light most favorable to them, Defendant's argument that the weapons prohibition provision was "in tact" to support a finding of probable cause to search Plaintiffs' residence is without merit. Plaintiffs' complaint adequately meets the pleading requirements to state a Section 1983 claim for violation of their Fourth Amendment rights in the context of an officer making false statements to secure a warrant.

Defendant Sisak also asserts that he is entitled to qualified immunity because he "acted reasonably in relying on information provided by the Pennsylvania State Police and from official documents." Motion to Dismiss (ECF No. 4), at ¶ 9. However, it is premature to decide this issue, which is a factual dispute between the parties. The Court may not consider Defendant Sisak's additional factual allegations offered in his motion to dismiss, as they contradict the averments contained in the complaint. Moreover, an officer is not entitled to qualified immunity if he "submits an affidavit containing statements he knows to be false or would know are false if he had not recklessly disregarded the truth." *Lippay v. Christos*, 996 F.2d 1490 (3d Cir. 1993)

(citing *Malley v. Briggs*, 475 U.S. 335 (1986)). Plaintiffs have sufficiently averred facts to meet this standard when taking the allegations in the complaint as true and in a light most favorable to them.

**Conclusion**

Based on the foregoing, Defendant Sisak's Motion to Dismiss (ECF No. 4) is **DENIED**. An appropriate Order follows.

By the Court:

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MILCAREK, SR.; | ) | |
| CATHERINE MILCAREK | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1625 |
| | ) | United States Magistrate Judge |
| DAVID SISAK; UNKNOWN | ) | Cynthia Reed Eddy |
| OFFICERS | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

AND NOW, this 11th day of April, 2014, it is hereby Ordered that Defendant Sisak's

Motion to Dismiss (ECF No. 4) is denied.

By the Court:

/s Cynthia Reed Eddy_____
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF