IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH MILCAREK, SR. and MARY CATHERINE MILCAREK, Husband and Wife, | : : : : | CIVIL DIVISION |
| | : | No.: 2:13-cv-1625 |
| Plaintiffs, | : : | |
| v. | : : | *The Honorable Cynthia Reed Eddy* |
| CITY OF PITTSBURGH; and DAVID SISAK, a City of Pittsburgh police officer, | : : : : | |
| Defendants. | : : | **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

This action is filed on behalf of JOSEPH MILCAREK, SR. and his wife, MARY CATHERINE MILCAREK for damages incurred as the result of an unlawful intrusion into their home by DAVID SISAK of the City of Pittsburgh Bureau of Police, along with other Pittsburgh police officers. The officers entered the Plaintiffs' home under the purported authority of a search warrant that had been procured by Officer Sisak under false pretenses and without probable cause.

The CITY OF PITTSBURGH, through its Bureau of Police, is also responsible for the violation of the Plaintiffs' rights. The CITY, by failing to properly hire, train, and supervise its officers, and by failing to establish procedures to protect the public from unconstitutional intrusions at the hands of unqualified officers, allowed Officer Sisak to submit a sworn affidavit in support of his application for the search warrant that contained material misrepresentations.

Furthermore, the officers exceeded the scope of any purported authority during service of the warrant by unnecessarily damaging the property of the Plaintiffs. The Defendants violated the Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution, and under the laws of the Commonwealth of Pennsylvania.

## PARTIES

1. Plaintiff JOSEPH MILCAREK, SR. ("MR. MILCAREK") is an adult individual residing at 2105 Sur Way, Pittsburgh, PA 15210.

2. Plaintiff MARY CATHERINE MILCAREK ("MRS. MILCAREK") is an adult individual residing at 2105 Sur Way, Pittsburgh, PA 15210.

3. Defendant DAVID SISAK ("SISAK") is an adult individual who at all times relevant to this matter was employed as an officer of the Pittsburgh Bureau of Police, which is an Administrative Unit of the CITY OF PITTSBURGH.

4. At all times relevant to this action, SISAK acted under the color of the laws of the Commonwealth of Pennsylvania.

5. Defendant CITY OF PITTSBURGH ("CITY") is a municipal corporation in the State of Pennsylvania, with administrative offices at 414 Grant Street, Pittsburgh, PA 15219.

## FACTS

6. On February 4, 2012, Defendant SISAK, while on duty as a Pittsburgh Police Officer, stopped a vehicle driven by Joseph Milcarek, Jr., the son of Plaintiffs MR. and MRS. MILCAREK, because the license plate on the car was allegedly suspended.

7. SISAK reportedly discovered that Joseph Milcarek, Jr. was the defendant in an active Protection from Abuse ("PFA") proceeding in which the plaintiff was Kim Bobnes.

8. The passenger in the car was identified as Kim Bobnes.

9. SISAK arrested Joseph Milcarek Jr. for violating the PFA by having contact with Kim Bobnes.

10. SISAK allegedly observed a shotgun round on the driver's seat of the vehicle where Joseph Milcarek, Jr. had been sitting.

11. Based on his alleged observation of a shotgun round and his presumption that Joseph Milcarek, Jr. was in possession of that round, SISAK applied for a search warrant for the residence at 2105 Sur Way.

12. SISAK alleged in the Affidavit of Probable Cause in support of the search warrant ("Affidavit") that "Milcarek possessing this round is in direct violation of the PFA."

13. SISAK's statement that "Milcarek possessing this round is in direct violation of the PFA" is a materially false statement, as there was no prohibition in the PFA against Joseph Milcarek, Jr. possessing a firearm or ammunition.

14. According to the Affidavit, SISAK based his conclusion that Joseph Milcarek, Jr. was in violation of the PFA for possession of the shotgun round on the boilerplate notice in the PFA that any PFA defendant may be charged with a federal offense under 18 U.S.C. § 922(g)(8) for possessing a firearm or ammunition while the PFA is in effect.

15. SISAK's stated conclusion that Joseph Milcarek, Jr. directly violated the PFA because he "may be charged with a federal offense" under 18 U.S.C. § 922(g)(8) is intentionally misleading because no violation occurred under federal law, and even if it

had it would not be a violation of the PFA but would be a separate offense to be charged by the federal government and not by the Pittsburgh Police.

16. According to the Affidavit, SISAK arrested Joseph Milcarek, Jr. for possessing the shotgun round in addition to the initial offense of violating the PFA for being in contact with the PFA plaintiff, Kim Bobnes.

17. According to the Affidavit, SISAK believed that Joseph Milcarek, Jr. possessed additional ammunition and firearms at his residence.

18. According to the Affidavit, Joseph Milcarek, Jr.'s possession of additional ammunition and firearms in his residence would be a violation of 18 Pa.C.S. § 6105.

19. SISAK's statement, referenced in paragraph 20, is materially false because even if firearms or ammunition had been found at Joseph Milcarek, Jr.'s residence, there would have been no violation of 18 Pa.C.S. § 6105. Furthermore, Joseph Milcarek, Jr.'s alleged possession of the shotgun round could not have provided justification for his arrest, as stated by SISAK in the Affidavit, either as a direct violation of the PFA or as a violation of § 6105.

20. According to the Affidavit, Joseph Milcarek, Jr.'s residence was at 2105 Sur Way.

21. The officers serving the search warrant at 2105 Sur Way were told by neighbors that Joseph Milcarek, Jr. did not reside at that address.

22. At the time the search warrant was served at 2105 Sur Way, Joseph Milcarek, Jr. was being detained at the Allegheny County Jail.

23. At the time the search warrant was served at 2105 Sur Way, the officers involved knew that the residents, Plaintiffs MR. MILCAREK and MRS. MILCAREK were not at home.

24. The officers serving the search warrant at 2105 Sur Way gained entry to the home by breaking down the rear door, completely removing it from its hinges.

25. The officers unnecessarily damaged a number of items in the home.

26. The officers left the home unsecured after their search, leaving the broken door leaning against the frame.

27. According to SISAK's deposition testimony on June 13, 2014, it is the custom of CITY OF PITTSBURGH to allow police officers to swear to facts in affidavit of probable cause for which they have no personal knowledge but for which they rely on information from other law enforcement officers.

28. According to SISAK's deposition testimony on June 13, 2014, it is the custom of the CITY OF PITTSBURGH to allow police officers to submit an application for a search warrant to a magistrate without first seeking approval of the application by a supervising officer.

29. Plaintiffs MR. MILCAREK and MRS. MILCAREK suffered psychological trauma as a result of the unexpected and unlawful intrusion into their home.

30. Plaintiffs MR. MILCAREK and MRS. MILCAREK suffered shame and embarrassment as a result of the unexpected and unlawful intrusion.

31. Plaintiff MR. MILCAREK who suffers from a number of medical conditions, suffered physical harm as a result of the unlawful intrusion.

32. Plaintiff MR. MILCAREK suffered a loss of income as a result of the unlawful intrusion.

## COUNT I

### *42 U.S.C.§ 1983 – VIOLATION OF FOURTH AMENDMENT RIGHTS*

### JOSEPH MILCAREK, SR. and MARY CATHERINE MILCAREK
### vs.
### DAVID SISAK

33.     All paragraphs above are incorporated as if fully set forth herein.

34.     Defendant SISAK obtained a warrant to search the Plaintiffs' home without probable cause.

35.     SISAK included materially false allegations in the Affidavit of Probable Cause in support of the search warrant.

36.     SISAK intended to mislead the issuing magistrate by including the materially false allegations in the Affidavit.

37.     Alternatively, SISAK acted in reckless disregard of the truth of the allegations made in the Affidavit.

38.     Absent the materially false allegations in the Affidavit, no issuing authority would find probable cause to support the application for a search warrant.

39.     SISAK's stated belief that Joseph Milcarek, Jr. possessed additional ammunition and firearms at his residence because a shotgun round was observed in the car was insufficient to establish probable cause for the search warrant because no substantial basis existed for concluding that a search would uncover evidence of wrongdoing.

40.     Defendant SISAK served the search warrant at the home of the Plaintiffs with knowledge that the warrant was unsupported by probable cause.

41.      The conduct of SISAK violated the Plaintiffs' Fourth Amendment rights to be free from unreasonable searches.

42. The Plaintiffs suffered damages as a result of the violation.

WHEREFORE, the Plaintiffs demand judgment against the Defendants under 42 U.S.C. § 1983 for violation of their Fourth Amendment rights.

## COUNT II

### *42 U.S.C.§ 1983 – VIOLATION OF FOURTH AMENDMENT RIGHTS*

**JOSEPH MILCAREK, SR. and MARY CATHERINE MILCAREK**
**vs.**
**CITY OF PITTSBURGH**

43. All paragraphs above are incorporated as if fully set forth herein.

44. Defendant CITY of PITTSBURGH failed to provide adequate or proper training to its police officers in procedures related to the application for search warrants.

45. The CITY failed to provide adequate or proper supervision of its police officers in relation to the officers' applications for search warrants.

46. The CITY demonstrated deliberate indifference to the constitutional rights of the residents of Pittsburgh by its failure to act in light of foreseeable serious consequences to its failure to train and its failure to provide supervision.

47. The City's deliberate indifference resulted in a violation of the Plaintiffs' right to be free from unreasonable searches and seizures under the Pennsylvania Constitution and under the United States Constitution.

48. The Plaintiffs suffered damages as a result of the violation.

WHEREFORE, the Plaintiffs demand judgment against the Defendants under 42 U.S.C. § 1983 for violation of their Fourth Amendment rights.

## COUNT III

### *INVASION OF PRIVACY*

### JOSEPH MILCAREK, SR. and MARY CATHERINE MILCAREK
### vs.
### DAVID SISAK

49.  All paragraphs above are incorporated as if fully set forth herein.

50.  Defendant SISAK intentionally intruded upon the seclusion of the Plaintiffs by entering their home without permission and without legal justification.

51.  The conduct of Defendant SISAK in entering the Plaintiffs' home would be highly offensive to a reasonable person.

WHEREFORE, the Plaintiffs demand judgment against the Defendant SISAK for Invasion of Privacy under Pennsylvania law.

### REQUEST FOR RELIEF

52.  Plaintiffs demand relief as follows:

    a.  Compensatory relief for damage to property, medical costs, loss of income, and other reimbursable costs;

    b.  Punitive damages;

    c.  Reasonable attorney's fees under 42 U.S.C. § 1988;

    d.  Any other relief available under the law and by discretion of the Court.

                                        Respectfully submitted,

/s/ James K. Paulick                    /s/ Charles P. Hoebler
James K. Paulick, Esquire               Charles P. Hoebler, Esquire
Counsel for Plaintiffs                  Counsel for Plaintiffs
PA I.D. #307552                         PA I.D. #205179
1569 McFarland Road                     1569 McFarland Road
Pittsburgh, PA 15216                    Pittsburgh, PA 15216
412-353-9454                            412-339-0503